## SUPREME COURT.

JAMES MYERS agt. DAVID RASBACK et al.

THE SAME agt. WILLIAM G. BORLAND et al.

The old suit in equity for the "*partition of lands*" is now merged in the "*civil actions*" under the code, and as such, may be prosecuted by *summons* and *complaint.* It is a "*regular*" proceeding, inasmuch as it is prosecuted by and against regular parties, and according to the same forms of proceeding and rules of practice with other actions under the code.

Proceedings for partition by petition under the Revised Statutes, (title 3, chap. 5, part 3,) are saved by the code; and such proceedings may also be instituted, and are just as valid now as before the code became a law. (See *Traver* v. *Traver*, 3 Howard's Pr. Rep. page 351.)

*Herkimer Special Term, June, 1849.—Demurrer to Complaint.*

A. LOOMIS, *for plaintiffs.*

J. A. RASBACK, *for defendants.*

GRIDLEY, Justice.—These are suits brought under the code for the partition of lands; and the defendants have demurred to the complaints on the ground that this class of actions has not been provided for by that instrument.

It is said that the 390th section of the code prohibits the bringing of such actions, and continues in force all the statutory provisions of the Revised Statutes on the subject of partition. It *does* very clearly save those provisions; and a proceeding upon petition conducted in the manner prescribed in those enactments, would be just as valid now, as it would have been before the code became a law. The reasoning of Justice Barculo, in the case of *Traver* v. *Traver*, (3d Howard's Sp. T. Rep. 351,) seems to me conclusive upon the construction of the section under consideration.

But it does not necessarily follow, that an action for partition cannot be prosecuted by summons and complaint under the code. The section in question does not prohibit the bringing of such an action. It merely declares that the code shall not affect proceedings provided for in cer-

tain chapters and titles of the Revised Statutes; and the provisions relating to the partition of lands, are among those embraced in the exception. If, therefore, the jurisdiction to entertain an action for partition, is elsewhere clearly conferred upon the court, there is nothing in the 390th section of the code which takes it away.

The Supreme Court possesses the same jurisdiction and the same powers as were formerly vested in the Court of Chancery. (See Laws of 1847, p. 323, sec. 16.) That court, both in England and in this state, has long possessed a jurisdiction over the subject of the partition and sale of lands; and its power to decree partition has long been fully recognized by our statutes. (2 Hoffman's Pr. 160; 2 R. S. 253, §§ 81 to 90.) The suit in equity for the partition of lands, was formerly prosecuted by the filing of a bill, and the service of a subpoena, and continued to be so prosecuted after the Revised Statutes were passed, and up to the time when the "act relating to the juidiciary" went into operation, when the entire powers and jurisdiction of the Court of Chancery were transferred to the Supreme Court. (See 3d Paige, 345; 2d id. 387; 1st id. 415.)

When the Code of Procedure became a law, the Supreme Court lost none of its chancery jurisdiction. It is true that the distinction between actions at law and suits in equity was abolished, but the suit in equity survived in the form of a "civil action" prosecuted by summons and complaint. And I do not see why the old suit in equity for the partition of lands may not now be prosecuted in the form of a civil action under the code, in the same manner with every other suit of equity cognizance.

In my judgment, it is embraced within the definition of a "civil action," contained in the 2d, 4th and 6th sections of that act. By the terms of the 2d section, an action is defined to be "a *regular* judicial proceeding, in which a party *prosecutes* another for the enforcement or prosecution of a right, or the redress or prevention of a wrong."

In the opinion of Justice Barculo, to which I have already referred, a doubt is expressed whether a suit for the partition of lands is a "*regular* judicial proceeding," and also whether it is a proceeding in which one party can properly be said to prosecute another party for the "*protection* or *enforcement of a right*," or the "*prevention* or *redress of a wrong.*" It may be remarked, that the reasoning of the learned justice upon this particular question was not necessary to the decision of the motion before him; but the question itself is one of very great importance, for, if this reasoning be correct, then all the proceedings in partition, instituted under the code, are "*coram non judice*," and the titles derived under them are

*void.* I have, therefore given to the subject all the consideration which the time at my command would allow; and I have come to the conclusion,

1st. That a proceeding in partition under the code is a "REGULAR judicial proceeding." I think an interpretation much too narrow and restricted has been given to the word "*regular.*" The word is derived from *regula,*" a rule; and its first and legitimate signification, according to Webster, is, "conformable to a rule; agreeable to an established rule, law, or principle; to a prescribed mode; or according to established customary forms." I cannot think it material that the writ of partition, at common law, only lay between parceners, and that it was extended by statute to joint tenants and tenants in common. An action given by statute may be just as "*regular*" as an action of common law origin. The action of ejectment has been extended by statute to a great number of cases, to which it once had no application; and it cannot admit of a doubt that since the change effected by the statute, an action of ejectment, in the cases to which it has been extended, has been just as "*regular*" a proceeding as a writ of right or a writ of dower was before. So, too, it seems to me that a suit in equity may be just as "*regular*" a judicial proceeding, as an action at common law. The word "*regular*" seems to have been used by the Legislature as opposed to *special,* and to have been designed to distinguish "*actions*" from "*special proceedings.*" The action for partition, therefore, prosecuted under the code in lieu of the old suit in equity, is a "*regular*" proceeding, inasmuch as it is prosecuted by and against regular parties, and according to the same forms of proceeding and rules of practice with other actions under the code.

2d. That the action for partition is in the strictest sense a proceeding in which the plaintiff "*prosecutes*" the defendant for the "*enforcement of a right.*" The law has given to any man who holds lands in common with others, the "*right* to have them partitioned between him and his co-tenants, and thus to enjoy his own share in severalty. This "*right*" can be "*enforced*" only by the judgment of a competent tribunal, rendered in a judicial proceeding instituted for that purpose. It certainly cannot affect this question that the suit is sometimes amicable in its character. The right *may* be disputed and resisted; and then the proceeding is *hostile.* It is enough that the action is given, for the purpose of enabling a party to "*enforce his right*" against a hostile party, which cannot be done, except through the instrumentality of a judicial proceeding.

My conclusion, therefore, is, that the old suit in equity for the partition of lands, is now merged in the civil actions under the code, and, as such, may be prosecuted by summons and complaint. The demurrers must be overruled, with a right to withdraw them and to plead over, &c.